### CINA et al. v. UNITED STATES.

### PALERMO v. SAME.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

#### Nos. 36, 37.

1. CRIMINAL LAW (§ 1170½*) — APPEAL AND ERROR — REVIEW — HARMLESS ERROR.

Remarks made by the trial judge to counsel for defendants in a criminal case, and his refusal to permit counsel to continue the cross-examination of a witness, held, while error, to have been without prejudice, where the same witness was again on the stand, and there was a further opportunity for cross-examination.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3129–3135; Dec. Dig. § 1170½.*]

2. CRIMINAL LAW (§ 741*)—EVIDENCE—SUFFICIENCY.

Evidence against one of several defendants in a prosecution for counterfeiting considered, and held sufficient to warrant the submission of the case against him to the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1705–1728; Dec. Dig. § 741.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Salvatore Cina, Vincenzo Giglio, and Guiseppe Palermo. Judgment of conviction, and defendants bring error. Affirmed.

---

William M. Byrne (M. Michael Edelstein, of counsel), for plaintiffs in error.

Henry A. Wise, U. S. Atty. (John E. Walker, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. Judgment was entered in this case, convicting eight defendants, and a writ of error on behalf of five of them has been heretofore considered. The present writ is on behalf of Palermo, Cina, and Giglio, who were all represented at the trial by Mr. Byrne.

[1] As there were a number of counsel engaged, it resulted naturally that one was treated as the leading counsel, and this was Mr. Towns. Objections made by him were to apply to all the defendants. At folio 101 the following colloquy took place:

"Mr. Byrne: I think it would help the speed of the trial if what exceptions are taken by the leading counsel are considered to apply to my clients, without my arising from my place.

"Mr. Barra: Will that also apply as to my client?

"The Court: All objections will apply to all, and each will have the benefit of the exception."

Of course, this did not prevent the other attorneys, when they wished to do so, from taking special exceptions, or cross-examining on behalf of their clients.

The exception which is now relied upon by all three defendants arises out of the following colloquy between the court and counsel:

"Cross-Examination by Mr. Byrne.

"Q. You have testified that you printed that $2 bill (showing).

"The Court: Never mind about that. What is your question?

"Mr. Byrne: That is the basis of the question. If your honor will bear with me, I propose as quickly as possible to frame it.

"The Court: If you desire to ask any question, ask a question, and do not recite the testimony. If you cannot comply with that order, take your seat. Now go on.

"Mr. Byrne: I take an exception to your honor's remark.

"The Court: Now you may take your seat right now.

"Mr. Towns: Would your honor—

"The Court: Take your seat. Now, Mr. District Attorney, do you desire to ask this witness any further questions?"

We held in our former opinion that counsel should have been allowed to put his question and continue his cross-examination; but we did not think that any of the defendants then before the court were prejudiced by what took place. Neither do we think that any of the defendants now objecting were prejudiced. The exception which Mr. Byrne took was to the remark of the court, while Mr. Towns took no exception to what was subsequently said to him. Both Mr. Byrne and Mr. Towns had a right to further cross-examine the witness. Mr. Towns did recross-examine him. If there had been anything in the minds of counsel which they wished to bring out, we cannot doubt that they would have said so, and that they would have been permitted to do so. The question seems principally one of propriety. It is a pity

occasion was given for it to arise, but the cause of complaint is rather that of Mr. Byrne and Mr. Towns than of their clients.

[2] The defendant Palermo relies on one further assignment of error, namely, that there was not sufficient evidence in his case to submit it to the jury. It is quite true that mere suspicion is not enough, and that knowledge of the crime without participation is not enough. But the United States made out a clear case of counterfeiting upon two presses in succession at a farm near Highlands, N. Y., belonging to the defendant Cina. There was testimony that Palermo was present when the second press was bought and loaded it on his own wagon. His constant association with some of the other defendants was shown. He came up to the farm with a number of the other defendants, and stayed two or three days. During this time he was present when printing was going on, and examined the work on the $2 counterfeits which were being printed. He personally burned up Canadian counterfeit money, which had been printed, but was found to be too bad to be put on the market. Upon his arrest, when in company with the defendant Lupo, he tried to bribe the officers to let him go. We think this was sufficient evidence on which to let the case go to the jury as to him.

The judgment is affirmed.